## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **EMMANUEL BROUSSARD** | * | **CIVIL NO. 2:23-cv-05435** |
| | * | |
| **VERSUS** | * | **JUDGE SUSIE MORGAN** |
| | * | |
| **OCCIDENTAL FIRE AND CASUALTY** | * | **MAG. KAREN WELLS ROBY** |
| **INSURANCE COMPANY OF NORTH** | * | |
| **CAROLINA** | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## ANSWER AND AFFIRMATIVE DEFENSES

NOW INTO COURT, through undersigned counsel, comes defendant, Occidental Fire & Casualty Company of North Carolina ("Occidental"), who responds to the Complaint of plaintiff as follows:

### I.

The allegations contained in Paragraph 1 of the Complaint are denied for lack of sufficient information to justify a belief therein.

### II.

The allegations contained in Paragraph 2 of the Complaint are admitted to the extent that Occidental is a foreign insurance company authorized to do and doing business in the State of Louisiana.

### III.

The allegations contained in Paragraph 3 of the Complaint are admitted only as to the existence of a policy of insurance, which said policy is a written contract, the terms and conditions of which speak for themselves and are plead herein by reference, as if copied herein *in extenso*. Occidental expressly denies any and all allegations which conflict with the written provisions of the policy.

### IV.

The allegations contained in Paragraph 4 of the Complaint are admitted only as to the existence of a policy of insurance, which said policy is a written contract, the terms and conditions of which speak for themselves and are plead herein by reference, as if copied herein *in extenso*. Occidental expressly denies any and all allegations which conflict with the written provisions of the policy.

### V.

The allegations contained in Paragraph 5 of the Complaint are denied as stated.

VI.

The allegations contained in Paragraph 6 of the Complaint are denied for lack of sufficient information to justify a belief therein.

VII.

The allegations contained in Paragraph 7 of the Complaint are denied for lack of sufficient information to justify a belief therein.

VIII.

The allegations contained in Paragraph 8 of the Complaint are denied for lack of sufficient information to justify a belief therein.

IX.

The allegations contained in Paragraph 9 of the Complaint are denied for lack of sufficient information to justify a belief therein.

X.

The allegations contained in Paragraph 10 of the Complaint are denied.

XI.

The allegations contained in Paragraph 11 of the Complaint are denied for lack of sufficient information to justify a belief therein.

XII.

The allegations contained in Paragraph 12 of the Complaint are denied for lack of sufficient information to justify a belief therein.

XIII.

The allegations contained in Paragraph 13 of the Complaint are denied for lack of sufficient information to justify a belief therein.

XIV.

The allegations contained in Paragraph 14 of the Complaint are denied as stated.

XV.

The allegations contained in Paragraph 15 of the Complaint are denied.

XVI.

The allegations contained in Paragraph 16 of the Complaint are denied.

XVII.

The allegations contained in Paragraph 17 of the Complaint are denied.

XVIII.

The allegations contained in Paragraph 18 of the Complaint are denied.

XIX.

The allegations contained in Paragraph 19 of the Complaint are denied.

XX.

The allegations contained in Paragraph 20 of the Complaint do not require a response but, in an abundance of caution, Occidental reasserts all responses previously asserted.

XXI.

The allegations contained in Paragraph 21 of the Complaint are admitted only as to the existence of a policy of insurance, which said policy is a written contract, the terms and conditions of which speak for themselves and are plead herein by reference, as if copied herein *in extenso*. Occidental expressly denies any and all allegations which conflict with the written provisions of the policy.

XXII.

The allegations contained in Paragraph 22 of the Complaint are admitted only as to the existence of a policy of insurance, which said policy is a written contract, the terms and conditions of which speak for themselves and are plead herein by reference, as if copied herein *in extenso*. Occidental expressly denies any and all allegations which conflict with the written provisions of the policy.

XXIII.

The allegations contained in Paragraph 23 of the Complaint are denied.

XXIV.

The allegations contained in Paragraph 24 of the Complaint are denied.

XXV.

The allegations contained in Paragraph 25 of the Complaint are denied.

XXVI.

The allegations contained in Paragraph 26 of the Complaint are denied.

XXVII.

The allegations contained in Paragraph 27 of the Complaint are denied for lack of sufficient information to justify a belief therein.

XXVIII.

The allegations contained in Paragraph 28 of the Complaint are denied.

XXIX.

The allegations contained in Paragraph 29 of the Complaint are denied as stated.

XXX.

The allegations contained in Paragraph 30 of the Complaint are a statement of law and require no response. To the extent that the statements of law contained in Paragraph 30 constitute any allegation of a violation of the law as quotes, the allegations are denied.

XXXI.

The allegations contained in Paragraph 31 of the Complaint are a statement of law and require no response. To the extent that the statements of law contained in Paragraph 31 constitute any allegation of a violation of the law as quotes, the allegations are denied.

XXXII.

The allegations contained in Paragraph 32 of the Complaint are a statement of law and require no response. To the extent that the statements of law contained in Paragraph 32 constitute any allegation of a violation of the law as quotes, the allegations are denied.

XXXIII.

The allegations contained in Paragraph 33 of the Complaint are a statement of law and require no response. To the extent that the statements of law contained in Paragraph 33 constitute any allegation of a violation of the law as quotes, the allegations are denied.

XXXIV.

The allegations contained in Paragraph 34 of the Complaint are denied.

XXXV.

The allegations contained in Paragraph 35 of the Complaint and its subparts are denied.

XXXVI.

The allegations contained in Paragraph 36 of the Complaint are denied.

XXXVII.

The allegations contained in Paragraph 37 of the Complaint are denied.

XXXVIII.

The allegations contained in Paragraph 38 of the Complaint are denied.

XXXIX.

The allegations contained in Paragraph 39 and the WHEREFORE paragraph do not require a response but, in an abundance of caution, are denied.

## AFFIRMATIVE DEFENSES

AND NOW, in further Answer to plaintiff's Complaint, Occidental asserts the following Affirmative Defenses:

A.

Plaintiff's Petition fails to state a claim against Occidental upon which relief can be granted.

B.

Occidental's obligations to plaintiff are subject to the terms, conditions, exclusions, and limitations of the Policy. Occidental refers to and incorporates herein by reference the terms, conditions, exclusions, and limitations of the Policy and avers that the Policy is a written instrument that speaks for itself and is the best evidence of its contents.

C.

Plaintiff's claims are barred or limited to the extent that Plaintiff has failed to satisfy conditions precedent and subsequent to the existence of insurance coverage under the Policy, including, but not limited to, the failure to cooperate in the adjustment, investigation, and settlement of the claim as required by the Policy.

D.

Coverage under the Policy at issue in this case applies in excess of the applicable deductible that is particularly defined in the terms of the Policy. To the extent that the value of the damage to the insured property does not exceed the deductible applicable to a particular loss, or, to the extent that Plaintiff has not yet met the deductible for a particular loss, Occidental does not have an obligation to pay any portion of the claim that falls within the deductible.

E.

Plaintiff's claims fall outside the scope of coverage provided by the Policy to the extent that the claims are for loss or damage to property that is not specifically identified by the Policy as covered in the declarations Section I - Property Coverages.

F.

Coverage under the Policy is subject to certain limits and sub-limits. To the extent that any of these limits or sub-limits have been exhausted or reduced through the payment of claims or by other means, Occidental has discharged and/or reduced its obligations under the Policy and owes no further duty to Plaintiff.

G.

Occidental avers that Plaintiff has failed to submit satisfactory proof of loss for the damages claimed.

H.

To the extent Occidental has denied payments for any amounts claimed, such denials have been based on substantial, reasonable and legitimate disputes as to the extent of Plaintiff's loss.

I.

Although Occidental denies that it in any manner breached its contractual or statutory duties to Plaintiff, should Plaintiff establish a breach of contract and/or violation of statutory duties, Plaintiff has not suffered any real damages as a result of said breach and/or violation of statutory duties.

J.

Coverage is excluded for portions of plaintiff's claim pursuant to the following terms of the Occidental policy:

**2.** We do not insure, however, for loss:

*       *       *

**c.** Caused by:

* * *

(5) Mold, fungus or wet rot.

K.

Coverage is excluded for portions of plaintiff's claim pursuant to the following terms of the Occidental policy:

**B.** We do not insure for loss to property described in Coverages **A** and **B** caused by any of the following. However, any ensuing loss to property described in Coverages **A** and **B** not precluded by any other provision in this policy is covered.

*       *       *

**3.** Faulty, inadequate or defective:

\* \* \*

      **b.** Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;

      **c.** Materials used in repair, construction, renovation or remodeling; or

      **d.** Maintenance;

L.

Plaintiff has failed to mitigate his damages. Occidental is without knowledge or information sufficient upon which to base a belief as to whether other affirmative defenses apply in this matter. Contingent on the facts revealed by investigation and discovery, Occidental expressly reserves its right to raise any additional affirmative defenses which may be applicable.

M.

Occidental hereby prays for a trial by jury.

WHEREFORE, defendant, Occidental Fire & Casualty Company of North Carolina, prays that this, its answer, be deemed good and sufficient and that, after due proceedings are had, there be judgment in its favor dismissing plaintiff's Complaint at plaintiff's costs or, alternatively, reducing recovery on a comparative fault basis.

Respectfully submitted:

PLAUCHÉ MASELLI PARKERSON LLP

*/s/ Jacy A. Smith*
MARK E. YOUNG (#20432)
SCOTT H. MASON (#29329)
JACY A. SMITH (#40433)
701 Poydras Street, Suite 3800
New Orleans, Louisiana 70139
Telephone: (504)582-1142
Facsimile: (504) 582-1172
Email: myoung@pmpllp.com
Email: smason@pmpllp.com
Email: jsmith@pmpllp.com

ATTORNEYS FOR OCCIDENTAL FIRE AND CASUALTY INSURANCE COMPANY OF NORTH CAROLINA

**<u>CERTIFICATE OF SERVICE</u>**

    I do hereby certify that this 20th day of November, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which, if they are subscribed, will send a notice of electronic filing to all counsel of record.

<u>/s/ *Jacy A. Smith*</u>